**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MICHAEL WILLIAMS**                                              **CIVIL ACTION**

**VERSUS**                                                              **NO. 08-4442**

**BURL CAIN, WARDEN**                                          **SECTION "I" (2)**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **STAYED** in light of the pending state court proceedings, with the Clerk of Court directed to CLOSE the matter for administrative and statistical purposes, reserving to the parties the right to file a future

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

motion, either to reopen the case or to dismiss it, depending upon the outcome of the state court proceedings.

## I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Michael Williams, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On April 25, 1996, a Jefferson Parish grand jury indicted Williams for the second degree murder of Michelle Gallagher in violation of LSA-R.S. 14:30.1.[3]

On July 3, 1997, Williams was found guilty of second degree murder in a trial before the Twenty-Fourth Judicial District Court for Jefferson Parish.[4]  On July 14, 1997, Williams was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.[5]  On that same date, the trial judge also signed an ex parte order granting Williams a new trial.[6]

On March 18, 1998, during the course of Williams's direct appeal, the Louisiana Fifth Circuit Court of Appeal issued a Rule to Show Cause providing:

---

[2]Rec. Doc. 1, Petition.

[3]St. Rec. Vol. 1 of 9.

[4]St. Rec. Vol. 5 of 9, p. 335, lines 15-20.

[5]St. Rec. Vol. 5 of 9, p. 343, lines 21-27.

[6]St. Rec., Vol. 5 of 9.

The appeal record lodged in this case shows that the trial judge granted a new trial on July 14, 1997 (Record p. 63). However, the record does not show a new trial was held prior to this appeal.

Accordingly,

IT IS ORDERED that the parties show cause, by written brief only, filed on or before March 27, 1998, why this appeal should not be dismissed in order to conduct the new trial granted on July 14, 1997.[7]

On March 19, 1998, the state trial court issued an order providing that a motion for new trial filed on behalf of Williams had been "granted in error" and ordering "that the Motion for New Trial is hereby denied."[8]

On May 21, 1998, the Louisiana Fifth Circuit Court of Appeal issued an order dismissing the appeal and remanding the matter to the district court for a new trial "in accordance with the trial order dated July 14, 1997." The appellate court determined that the district court "was without authority to reverse [its] previously granted Motion for New Trial."[9]

On June 2, 1998, the State filed a motion to reconsider Williams's motion for new trial in the state trial court.[10] On June 19, 1998, the state trial court conducted a hearing

---

[7]St. Rec. Vol. 5 of 9.

[8]St. Rec. Vol. 5 of 9.

[9]St. Rec. Vol. 1 of 9, State v. Williams, No. 97-KA-1181 (La. App. 5 Cir.), 5/21/98 (unpublished opinion).

[10]St. Rec. Vol. 1 of 9.

on the State's motion for the purpose of making "a formal record of the denial of the motion for a new trial."[11]

On June 19, 1998, the date on which the state trial court once again denied Williams's motion for new trial, the State filed a writ application with the Louisiana Supreme Court seeking relief in connection with the state appellate court's May 21, 1998 new trial order.[12] On June 24, 1998, the Louisiana Supreme Court denied the State's writ application as moot.[13] On June 26, 1998, the State filed a motion seeking clarification of the state supreme court's June 24, 1998 ruling.[14] While the Louisiana Supreme Court ultimately denied the State's motion for clarification, a concurring opinion stated: "It is my understanding that this Court denied the state's application in this matter because the trial court granted the state relief in its ruling of June 19, 1998, by denying defendant's motion for a new trial."[15]

In October 1998, Williams filed with the state district court a "Motion to Quash and Dismissal of Prosecution" arguing that the district court lacked jurisdiction to reconsider

---

[11]St. Rec. Vol. 6 of 9, p. 53, lines 10-15.

[12]St. Rec. Vol. 8 of 9.

[13]State v. Williams, No. 98-OK-1666, 719 So.2d 484 (La. 1998).

[14]St. Rec. Vol. 8 of 9.

[15]St. Rec. Vol. 8 of 9.

the motion for new trial after the appellate court remanded the matter for a new trial.[16] On

December 18, 1998, following a hearing, the court denied Williams's motion.[17]

Williams filed a second appeal with the Louisiana Fifth Circuit Court of Appeal,

seeking relief in connection with the district court's December 18, 1998 adverse decision.

On July 27, 1999, the Louisiana Fifth Circuit issued an opinion dismissing Williams's

appeal "because the correct procedural mechanism" for seeking relief in connection with

the district court's denial of his motion to quash was "an Application for Supervisory

writs, not an appeal."[18] The state appellate court further remanded the matter to the

district court for the purpose of granting "an out of time appeal on the merits of

defendant's case."[19]

In connection with Williams's out of time appeal, the Louisiana Fifth Circuit issued

an opinion on February 14, 2001, determining that the trial court lacked authority to

disobey the appellate court's May 21, 1998 order remanding the matter to the district

---

[16]St. Rec. Vols. 1 and 6 of 9.

[17]St. Rec. Vol 6 of 9, pp. 62-73.

[18]St. Rec. Vol. 6 of 9, State v. Williams, No. 99-KA-216, p. 4 (La. App. 5 Cir.), 07/27/99
(unpublished opinion).

[19]Id. at p. 5.

court to conduct a new trial. The court, "therefore, order[ed] the trial judge to conduct a new trial."[20]

Both the State and Williams applied to the Louisiana Supreme Court for writs of certiorari in connection with the state appellate court's February 14, 2001 opinion. The Louisiana Supreme Court consolidated the writ applications and, on May 14, 2002, issued an opinion reversing the decision of the Louisiana Fifth Circuit Court of Appeal in which it had ordered a new trial.[21] The state supreme court further remanded the matter to the court of appeal "for consideration of the original appeal on the merits."[22]

On remand, the Louisiana Fifth Circuit Court of Appeal affirmed Williams's conviction and sentence. The appellate court, however, remanded the matter with instructions that the state trial court provide Williams with written notice of his prescriptive period for seeking post-conviction relief.[23]

_____

[20]St. Rec. Vol. 2 of 9, State v. Williams, No. 00-KA-1170, p. 6 (La. App. 5 Cir.), 02/14/01 (unpublished opinion).

[21]St. Rec. Vol. 2 of 9, State v. Williams, No. 01-K-0554 c/w 01-K-0667, 817 So.2d 40 (La. 2002).

[22]Id. at 48.

[23]St. Rec. Vol. 2 of 9, State v. Williams, No. 00-KA-1170 (La. App. 5 Cir.), 11/13/02 (unpublished opinion).

Williams filed a writ application with the Louisiana Supreme Court seeking relief in connection with the state appellate court's November 13, 2002 adverse decision. The Louisiana Supreme Court denied Williams's writ application on January 30, 2004.[24]

Williams's conviction became final 90 days later, on April 29, 2004, when he did not file a writ application in the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. S. Ct. Rule 13(1).

On July 19, 2004, Williams filed an application for post-conviction relief in the state trial court presenting the following claims: (1) The trial court erred by failing to determine whether Williams properly waived his right to jury. (2) The State failed to present evidence to exclude every reasonable hypothesis of innocence. (3) The trial court erred by excluding African Americans as grand jury forepersons.[25] (4) The method used in Jefferson Parish to select grand jury forepersons was improper. (5) The trial court used an improper method to obtain jurisdiction to entertain the State's motion to reconsider the

---

[24]State ex rel. Williams v. State, No. 2003-KH-0079, 865 So.2d 65 (La. 2004).

[25]While Williams, on p. 2 of his post-conviction application (St. Rec. Vol. 2 of 9), provides that the "trial court erred by discriminatorily excluding African Americans during grand jury selection", a review of the argument supporting said claim, set forth on pages 7-9, reveals that Williams is actually complaining about the alleged discriminatory exclusion of African Americans in the selection of grand jury forepersons.

defense motion for a new trial. (6) Williams was denied effective assistance of trial counsel.[26] On August 19, 2004, the state district court denied Williams's application, finding that Williams's claims were procedurally barred due to his failure to present them on direct appeal.[27]

Williams sought relief from the state appellate court in connection with the district court's August 19, 2004 adverse decision. The Louisiana Fifth Circuit Court of Appeal, on September 13, 2004, denied Williams's writ application, finding that "the application discloses no error in the trial court's ruling of August 19, 2004."[28] The Louisiana Supreme Court, on August 19, 2005, likewise denied Williams relief.[29]

On July 1, 2008, Williams filed a writ application with the Louisiana Supreme Court contending that pro se writ applications filed in the Louisiana Fifth Circuit Court of Appeal between February 8, 1994 and May 21, 2007 had not been properly considered, and seeking a re-review of his pro se writ application in 04-KH-1083.[30] On October 10, 2008, the Louisiana Supreme Court transferred Williams's writ application to the

---

[26]St. Rec. Vol. 2 of 9.

[27]St. Rec. Vol. 2 of 9.

[28]St. Rec. Vol. 2 of 9, Williams v. Cain, No. 04-KH-1083 (La. App. 5 Cir.), 09/13/04 (unpublished opinion).

[29]State ex rel. Williams v. State, No. 2004-KH-2845, 908 So.2d 666 (La. 2005).

[30]St. Rec. Vol. 9 of 9.

Louisiana Fifth Circuit Court of Appeal "for consideration pursuant to the procedures outlined in that court's en banc resolution of September 9, 2008. See State v. Cordero, 08-1717 (La. 10-03-08), 993 So.2d 203."[31] Williams's writ application is presently pending before the Louisiana Fifth Circuit Court of Appeal.[32]

## II.    FEDERAL HABEAS PETITION

Williams in fact signed the instant federal habeas corpus petition almost three years earlier, on September 26, 2005.[33] On September 27, 2005, the petition was mailed from Angola, Louisiana, to the United States District Court for the Eastern District of Louisiana

---

[31]St. Rec. Vol. 9 of 9, State ex rel. Williams v. State, No. 2008-KH-1866, 993 So.2d 1212 (La. 2008). In State v. Cordero, No. 2008-KH-1717, 993 So.2d 203, the case referenced in the Louisiana Supreme Court's decision transferring Williams's writ application to the state appellate court, the petitioner, Sandra Cordero, filed a writ application complaining that internal operating procedures of the Louisiana Fifth Circuit Court of Appeal deprived her of supervisory review of a district court judgment denying her post-conviction relief and resulted in an order from the court of appeal which did not conform to the requirements of La. Const. art. V, § 8(B). Cordero sought merits review of her claims and other relief. Id. at 204. The Louisiana Supreme Court noted that it had received several hundred applications raising similar claims and requesting similar relief. Id. It also noted that it had received an en banc resolution unanimously adopted by the Louisiana Fifth Circuit Court of Appeal on September 9, 2008, recommending that the Louisiana Supreme Court transfer all of the applications to the court of appeal for random allotment to a three judge panel drawn from five judges, and setting forth internal procedures to promote independent review by panel. Id. at 204-205. In accordance with the resolution of the Fifth Circuit Court of Appeal en banc, the Louisiana Supreme Court ordered Cordero's application transferred to the Fifth Circuit Court of Appeal for consideration according to the procedures outlined in the resolution of September 9, 2008. Id. It also determined that pending petitions presenting similar issues would be likewise transferred to the Fifth Circuit Court of Appeal. Id.

[32]A member of my staff contacted the Clerk of Court's Office for the Louisiana Fifth Circuit Court of Appeal and was informed that Williams's writ application, in which he is seeking a re-review of his pro se writ application in 04-KH-1083, was transferred to the appellate court by the state supreme court and is captioned State ex rel. Michael Williams v. State of Louisiana, Case No. 2008-WR-875.

[33]Rec. Doc. 1, p. 6.

in New Orleans.[34]  On that date, however, as a result of Hurricane Katrina, the building that ordinarily houses this court was closed and the Clerk of Court for the United States District Court for the Eastern District of Louisiana had temporarily relocated from New Orleans to Lafayette, Louisiana.  Accordingly, on October 26, 2005, Williams's habeas petition was forwarded to United States District Court, 102 Versailles Blvd., Lafayette, Louisiana.[35]

On November 8, 2005, the Office of the Clerk of Court for the United States District Court for the Eastern District of Louisiana notified Williams that his habeas corpus petition was deficient, in part because he had failed either to pay the $5.00 habeas corpus filing fee or attach an application for leave to proceed as a pauper.[36]  In a letter dated November 15, 2005, Williams informed the clerk's office that his $5.00 filing fee "was on the way."[37]

---

[34]The mailing date is evidenced by a postal service metered date on the envelope containing Williams's habeas petition.  A copy of the envelope is being separately filed in the record.

[35]This forwarding date is evidenced by a second post-marked date on the pertinent envelope.

[36]A copy of the clerk of court's November 8, 2005 deficiency notice to Williams is being separately filed in the record.

[37]A copy of Williams's November 15, 2005 correspondence is being separately filed in the record.

It was not until more than two and a half years later that Williams again contacted the court. In a letter dated July 21, 2008, Williams inquired about the status of his federal habeas corpus application.[38]

On July 29, 2008, the clerk's office responded to Williams's inquiry, informing him that the court had no record of ever having received his $5.00 habeas filing fee and requesting that he forward to the court any documentation reflecting that the fee had been paid. The clerk's office further advised that it could not "process" his habeas petition until it received either his $5.00 filing fee or a properly executed application to proceed in forma pauperis.[39]

On August 5, 2008, the clerk of this court received a letter from Williams with which he provided the court with a copy of a postal money order dated November 15, 2005, in the amount of $5.00 made payable to the Clerk's Office, United States District Court, Eastern District of Louisiana.[40] The clerk, in correspondence dated August 14, 2008, informed Williams that it had never received his money order.[41] In response,

---

[38]A copy of Williams's July 21, 2008 letter to the clerk of this court is being separately filed in the record.

[39]A copy of the court's July 29, 2008 correspondence is being separately filed in the record.

[40]A copy of Williams's transmittal letter and November 15, 2005 postal money order are being separately filed in the record.

[41]A copy of the court's August 14, 2008 correspondence is being separately filed in the record.

Williams sent the court another postal money order, this one dated September 3, 2008.[42]

Williams's habeas corpus petition was then filed by the clerk's office on September 17, 2008.[43]

In his habeas corpus petition, Williams raises the same grounds for relief that he raised in his state post-conviction proceeding:[44]  (1) The trial court erred by failing to determine whether Williams properly waived his right to a jury trial.  (2) The State failed to exclude every reasonable hypothesis of innocence.  (3) The trial court erred by excluding African Americans as grand jury forepersons.  (4) The method used to select grand jury forepersons in Jefferson Parish was unconstitutional.  (5) The trial court used an improper method to obtain jurisdiction to entertain the State's motion to reconsider the

---

[42]A copy of Williams's transmittal letter and September 3, 2008 postal money order are being separately filed in the record.

[43]Rec. Doc. 1.  While September 17, 2008, the date Williams's filing fee was deposited by the clerk's office, is the date on which the clerk actually filed his petition, September 17, 2008 is not the date to be employed for purposes of determining the timeliness of the instant action.  Instead, the filing date is ascertained via the court's application of the "mailbox rule."  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  As noted earlier, Williams signed his petition on September 26, 2005, which is the earliest date he could have submitted it to prison officials for mailing. His "Certificate of Service" attached to his petition also certifies that September 26, 2005 is the date on which he placed the petition "in the hands of the authorized prison official to be forwarded to the U.S. Eastern District Court." Record Doc. No. 1 at p. 28. The fact that the court received his filing fee on a different date does not alter the application of the mailbox rule to his pro se petition.  See Cousin v. Lensing, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

[44]Rec. Doc. 1, Writ for Habeas Corpus Relief, p. 8.

defense motion for a new trial. (6) Williams was denied effective assistance of trial

counsel.

The State, in its opposition memorandum, concedes that the petition was timely

filed,[45] under the odd circumstances of petitioner's original submission of his petition to

the clerk of court during the disruptions caused by Hurricane Katrina. The State further

argues, however, that Williams's claims have <u>not</u> been exhausted, since they are currently

pending before the Louisiana Fifth Circuit Court of Appeal for re-review. Williams, in

his traverse, does not contest the fact that the claims raised in the instant petition have not

been exhausted. Instead, he requests that the court stay further proceedings in this

matter,[46] rather than dismissing his claims for failure to exhaust. The State has no

objection to a stay of the instant action under these circumstances.[47]

III.    <u>STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[48] and applies

---

[45]Rec. Doc. No. 9, p. 12.

[46]Rec. Doc. No. 10.

[47]Rec. Doc. No. 11 at pp. 2, 3.

[48]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir.

to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir.

1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to

Williams's petition, which, for reasons set forth above, is deemed filed in this court on

September 26, 2005.[49]

The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether the claims raised by the petitioner were adjudicated on

the merits in state court; i.e., the petitioner must have exhausted state court remedies and

must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20

(5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In the instant case, the State concedes that Williams's federal petition was timely

filed but argues that he has failed to exhaust state court remedies.  My review of the

record reflects that, under the unusual circumstances surrounding his original submissions

caused by Hurricane Katrina, Williams's petition is timely under the AEDPA.  However,

for the following reasons, I find that Williams has not exhausted available state court

remedies.

_____

1992).

[49]See discussion supra at p. 12, n. 43.

IV.    EXHAUSTION OF STATE COURT REMEDIES

The State asserts, and Williams does not disagree, that the claims presently before this court have not been properly reviewed by the Louisiana Fifth Circuit Court of Appeal or the Louisiana Supreme Court.[50]

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

---

[50]Rec. Doc. Nos. 9, 10 and 11.

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Nobles, 127 F.3d at 420). Thus, to exhaust his claims in state court, the petitioner must have fairly presented the same claims he urges in this federal court to the Louisiana Supreme Court.

The record reflects that all of the claims raised by Williams in the instant habeas petition were presented to the Louisiana Fifth Circuit Court of Appeal in writ application 04-KH-1083, but were <u>not</u> properly reviewed by a three-member panel of the state appellate court. The Louisiana Fifth Circuit is in the process of undergoing a second, proper review of Williams's claims. Once the Fifth Circuit renders a decision, the Louisiana Supreme Court must have an opportunity to review Williams's claims. The instant claims will be ripe for review by this court only after the state supreme court's review is complete.

As noted above, in a situation such as this, where a federal habeas petitioner's claims have not been exhausted, the habeas petition is subject to dismissal without

prejudice.[51]   Williams, however, has requested that his claims be stayed, rather than

dismissed,[52] and the State has no objection to such a stay.[53]

In a comparable case, Christopher Sanborn v. N. Burl Cain, Warden, Civil Action

No. 08-0702 "I"(5) (E.D. La. 2009), where a re-review of a federal habeas petitioner's

claims by the state appellate and state supreme courts was necessitated by the fact that the

initial review was not properly performed by a three-member panel of the Louisiana Fifth

Circuit Court of Appeal, the petitioner requested that while his claims were pending in the

state courts, his federal habeas petition be stayed, rather than dismissed.[54]   The State

advised that it had no objection to such a stay.[55]   The magistrate judge, recognizing a

district court's authority under Rhines v. Weber, 544 U.S. 269, 276 (2005) (and cases

cited therein), "to issue a stay in a habeas proceeding where such a stay would be a proper

exercise of discretion," recommended that the petitioner's action be stayed and that the

Clerk of Court mark the action "closed for statistical purposes."[56]   The district court, in

---

[51]See discussion supra at p. 15.

[52]Rec. Doc. 10.

[53]Rec. Doc. 11.

[54]Sanborn, Civil Action No. 08-0702 "I"(5), rec. doc. 21.

[55]Sanborn, Civil Action No. 08-0702 "I"(5), rec. doc. 23.

[56]Sanborn, Civil Action No. 08-0702 "I"(5), rec. doc. 24, pp. 2-3.

accordance with the magistrate judge's report and recommendation, ordered that petitioner's habeas action be stayed and marked as closed for statistical purposes.[57]

Based upon the above, and recognizing the fact that the failure to exhaust state court remedies in this case was not due to any error or lack of diligence on petitioner's part, I recommend that a stay of the instant matter for failure to exhaust state court remedies is appropriate. In addition, stay – rather than dismissal without prejudice – is appropriate in the instant case in light of the delays in processing this case in this court caused by Hurricane Katrina, which were in no way attributable to petitioner.

### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the petition of Michael Williams for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **STAYED** due to his failure to exhaust his state court remedies, and that the Clerk of Court mark this action CLOSED for statistical and administrative purposes.

**IT IS FURTHER RECOMMENDED** that this court retain jurisdiction over this matter and that petitioner be allowed to file a motion to reopen these proceedings within thirty (30) days after the Louisiana Supreme Court issues an opinion with regard to State ex rel. Michael Williams v. State of Louisiana, 2008-WR-875, the writ application

---

[57]Sanborn, Civil Action No. 08-702 "I"(5), rec. doc. 25.

currently pending before the Louisiana Fifth Circuit Court of Appeal in which Williams raises the same claims raised in the instant federal habeas corpus petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ____24th____ day of March, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE